**Michael D. WAITE, Jason S. Waite, Plaintiffs–Appellants,**

v.

**George E. PATAKI, James W. McMahon, Superintendent of the New York State Police, Michael W. Student, Individually and in his Official Capacity as an Investigator for the New York State Police, Defendants–Appellees,**

**Jerry Scarano, James A. Murphy, Individually and in his Official Capacity of District Attorney for Saratoga County DA's Office, Jennifer A. Jensen, Individually, as a Licensed Atty.**

for the State of New York, Dan Kopach, Individually as a Licensed Atty. by the State of New York, New York State Police Department, Defendants,

Peter L. Coseo, Employed by the Law Offices of McMahon & Caseo, Individually and as Licensed Atty. by the State of New York, Ashley Randall, Individually and in her Official Capacity as the Sole Child Complainant in People v. "AA", F. Marie Richards, Individually and in her Official Capacity of Grandmother to Ashley Randall, Tammy Randall, Individually and as a parent to Ashley Randall, Gary A. Morey, Individually, Brian Randall, Individually and as a parent to Ashley Randall, Roberta A. Morey, Individually, Defendants–Appellees.

No. 04–1011.

United States Court of Appeals, Second Circuit.

Aug. 31, 2004.

Michael D. Waite, Corinth, NY, pro se.

Jason S. Waite, Corinth, NY, for Appellants, pro se.

PRESENT: CABRANES, STRAUB and WESLEY, Circuit Judges.

## SUMMARY ORDER

Appellants Michael D. and Jason S. Waite, father and son, appeal a January 2004 order of the District Court in which the Court (1) provided Appellants with an opportunity to file an amended complaint; (2) dismissed all claims against five of the fifteen defendants on the basis of immunity; (3) prohibited Appellants from including some (but not all) claims in the amended complaint; (4) denied Appellants' *in forma pauperis* ("IFP") petition; and (5) declined to appoint *pro bono* counsel. We lack jurisdiction to review any of Appellants' arguments.

We lack jurisdiction to review both the District Court's dismissal of claims against some (five), but not all, defendants, and the District Court's prohibition on certain claims in the amended complaint. Neither of these decisions is a final order under 28 U.S.C. § 1291. There is no indication that the District Court certified these, or any, portions of its order for interlocutory appeal pursuant to Fed.R.Civ.P. 54(b). No aspect of the order falls within an interlocutory jurisdiction category of 28 U.S.C. § 1292(a), the Court made no certification pursuant to 1292(b), and we hold that neither the decision to dismiss claims against five of the fifteen defendants, nor the deci-

sion to prohibit certain claims in the amended complaint, satisfies the requirements of collateral order doctrine interlocutory jurisdiction.

We decline to exercise jurisdiction over the IFP issue because—as the Waites paid the $150.00 filing fee by a money order on December 12, 2003, the same day that they filed their complaint—it is moot.

We decline to exercise interlocutory jurisdiction over the appointment of counsel issue. *See Welch v. Smith,* 810 F.2d 40, 42 (2d Cir.1987).

\* \* \* \* \* \*

Accordingly, the Appellants' appeal is hereby DISMISSED for lack of jurisdiction.